UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA


Antonio Bridges, # 63333,                       ) **C/A No. 0:07-2529-CMC-BM**
                                                )
                                                )
                              Plaintiff,         )
                                                )
vs.                                             )    Report and Recommendation
                                                )
Issac M. Stone, III;                            )
Laura Carroway;                                 )
Beaufort County Council;                        )
Beaufort County Sheriff Department;             )
P. J. Tanner;                                   )
Beaufort County Public Defenders Office; and    )
State of South Carolina,                        )
                                                )
                                                )
                              Defendants.        )
_____

　　　　The plaintiff, who has filed this action pro se, is a pre-trial detainee at the Beaufort

County Detention Center.  Isaac M. Stone, III, is the Solicitor for the Fourteenth Judicial Circuit of

South Carolina,  Laura Carroway is an Assistant Public Defender in Beaufort County, and  P. J.

Tanner is the Sheriff of Beaufort County. The plaintiff has also named three entities as defendants:

the Beaufort County Sheriff's Department, the Beaufort County Public Defender's Office, and the

State of South Carolina.

　　　　Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

§ 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v.*

1



*Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).

As the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197, 2007 U.S. LEXIS® 6814 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the undersigned finds that this § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

---

[1]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



The "Statement of Claim" portion of Plaintiff's § 1983 complaint is concise. The

plaintiff writes:

> The State of South Carolina, the Beaufort County Sheriff Department, the Beaufort
> County Public Defender's office, the Solicitor's office, P. J. Tanner, and Laura
> Carroway have denied plaintiff his discovery material, his criminal history report,
> statements by state witnesses, photographs, alleged Grand Jury minutes, and
> purported VCR and cassette tapes of alleged drug transactions, allegedly implicating
> the plaintiff, on violation of the plaintiff's Due Process Rights, and in effect is [*sic*]
> denying him a fair trial.

(Complaint, at page 3).

The plaintiff's prayer for relief is also concise: "The plaintiff is seeking injunctive relief from the

defendants at the earliest possible date." (Complaint, at page 4).

Although the holding in *Heck v. Humphrey*, 512 U.S. 477, 129 L.Ed.2d 383, 114

S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994), is not applicable to the above-captioned case, *see*

*Wallace v. Kato*, 166 L.Ed.2d 973, 127 S.Ct. 1091, 2007 U.S. LEXIS® 2650 (2007), the above-

captioned case is still subject to summary dismissal. Absent extraordinary circumstances, federal

courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger*

*v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v.*

*Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[2] *Nivens v. Gilchrist*, 319 F.3d 151, 2003

U.S.App. LEXIS® 2453 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d

49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030, 108 L.Ed.2d 616, 110 S.Ct. 1479, 1990 U.S.

LEXIS® 1399 (1990). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of

---

[2]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated
portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend
principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223, 1992
Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."),
*affirming Green v. State*, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).



Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, *supra*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976) ["Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]. The *pro se* plaintiff also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases as *North Carolina State Ports Authority v. Dart Containerline Company*, 592 F.2d 749, 750-753 & n. 3 (4th Cir. 1979).

In any event, it is also clear that the plaintiff has not exhausted his state remedies before filing this federal lawsuit. If the plaintiff is convicted on his charges and sentenced in his pending criminal case, he has the remedy of filing a direct appeal; *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873, 2007 S.C. LEXIS® 64 (2007); and if his direct appeal is unsuccessful, he can then file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. If his application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535, 1985 S.C. LEXIS® 312 (1985).

It is well settled that a direct appeal is a viable state court remedy; *Castille v. Peoples*, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056, 1989 U.S. LEXIS® 1040 (1989);



as is South Carolina's Uniform Post-Conviction Procedure Act.  *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).  In an application for post-conviction relief, the plaintiff can raise issues relating to ineffective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); and *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164 (1999).

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

August 2, 2007                            Bristow Marchant
Columbia, South Carolina          United States Magistrate Judge



### Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

6

