IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Antonio Bridges, #63333, ) | C/A NO. 0:07-2529-CMC-BM |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Issac M. Stone, III; Laura Carroway; ) | |
| Beaufort County Council; Beaufort ) | |
| County Sheriff's Department; P.J. Tanner; ) | |
| and Beaufort County Public Defender's ) | |
| Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint brought in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On August 3, 2007, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. On August 14, 2007, this court received an "Amended Complaint" from Plaintiff, although it is unsigned. Plaintiff has not, however, filed specific objections to the Report and the time for doing so has expired.

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the amended complaint of the Plaintiff, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Even if the amended complaint were to be construed as Plaintiff's objections to the Report, the "amended complaint" indicates Plaintiff is withdrawing his claim for injunctive relief and is now seeking damages in the amount of $1.75 million. This court should, and does, abstain. *See Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994).

This matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                         s/ Cameron McGowan Currie
                                         CAMERON McGOWAN CURRIE
                                         UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 28, 2007

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\07-2529 Bridges v. Stone e adopt rr dism abstention.wpd

3